McCAIN, Judge.
These three confusing appeals, consolidated sua sponte, involve the following matters:
1. Case No. 1495 questions a May 17, 1967, order of Judge Sauls incorporating *18 and consolidating an ostensible habeas corpus petition by appellant-mother relating to custody of her minor daughter with the previous divorce action between the mother and father.
2. Case No. 1552 questions a June 27, 1967, order of Judge Sauls allowing the two children of the parties to travel to Bogota, Colombia, S.A., with their father on vacation to visit his parents.
3. Case No. 69-246 questions an April 11, 1969, order by Judge Warren denying habeas corpus petitioned by appellant on behalf of her daughter Sylvia.
On August 9, 1963, Judge Sauls granted a divorce to appellant, Dorothy Restrepo, from Aurelio Restrepo, placed the custody of the two minor children, Sylvia and Grace, with appellant and granted the father visitation rights. The decree further provided the children were not to be taken out of the United States without hearing and notice, in which event the court would determine if a bond should be posted. Appellant was given exclusive possession of the home.
Appellant was subsequently charged with arson and incarcerated (she did not put up bond), whereupon the father sought temporary custody of the children. Judge Cabot on March 12, 1965, granted temporary custody to the father conditioned to automatically cease upon appellant being released and able to provide a suitable place for care of the children.
On April 15, 1965, a competency hearing was held on appellant and, after hearing the court appointed psychiatrists, Judge Ferris declared her legally insane and incompetent to aid counsel in the preparation and defense to the charge of arson, whereupon, she was committed to South Florida State Hospital to remain until competent.
On December 7, 1965, Judge Sauls granted a stipulation of the father and appellant’s guardian ad litem which continued the children’s temporary custody with the father and further provided that, rather than the custody automatically going to appellant upon her restoration, custody should remain with the father until appellant demonstrated to the court her ability to provide a suitable place for the children.
On June 2, 1966, appellant was discharged from the hospital as mentally competent.
Upon appellant’s request for modification of custody, Judge Sauls, on October 3, 1966, observing that the older child desired to be with her mother, determined that an insufficient length of time had lapsed since her release to adequately determine her mental prognosis. He concluded six months to a year should lapse before another hearing with custody not to be changed during the school year. Appellant’s petition was denied without prejudice to renew it after expiration of the school term for 1966-1967, and she was given visitation with the children one full day a week and for Christmas holidays between December 17, 1966 and noon, December 25, 1966.
The father then petitioned to take the children to Bogota, Colombia, S.A., on his vacation from July 15, 1967 - August 15, 1967. This was approved by Judge Sauls who determined that a bond was not necessary since the father was a teacher and owned property in the county.
On September 8, 1967, a petition by the father for permanent custody of both children without visitation privileges to the mother was granted by Judge Sauls. No appeal was taken from this order.
In appeal No. 1552, appellant claims the children were taken from her for no valid reason. From the foregoing it can easily be seen that Judge Sauls first *19 gave the children to the mother, then while she was in jail he gave them temporarily to the father, and continued this while she was in South Florida State Hospital. Upon appellant’s release he was hesitant to give her the custody absent proof of her ability. Thus he denied her petition. Finally, after finding among other things that Sylvia, the oldest child, had been declared a delinquent and had run away from a private school in New Orleans at her mother’s instigation, the judge determined the father should have permanent custody of both children. Because the mother’s influence was so disrupting, he determined she should have no visitation privileges.
Appellant also asserts the children should not have been taken out of the country without bond. The agreement between the parties and order entered thereon placed it with the court to determine whether bond was necessary. On June 27, 1967, the trial judge determined under the circumstances it was not necessary. Obviously, this point is now moot and our review reveals the remaining contentions in appeal No. 1552 are unrelated to the order or are without merit.
Appeal No. 1495 questions the consolidation by Judge Sauls of appellant’s May 9, 1967, petition for writ of habeas corpus in Case No. 67-2936 with Case No. C63-1878 which was appellant’s divorce action. The writ was never acted upon by Judge Sauls, and is now lost and therefore not in the record. Apparently appellant was attempting to show that her daughter, Sylvia, was not properly charged by the juvenile court with running away because she could not be charged with running away from that which was not her legal home. Appellant contended the minor's legal home was with her. We cannot conclude the petition was improperly consolidated with the divorce action since it dealt with the custody of Sylvia. Furthermore, the petition being mislaid or lost, a proper procedure would have been to file another rather than simply appealing the consolidation order. Appellant claims the effect of the consolidation order was to seal the petition away, however the file was not sealed until several months later. From a review of the exhibits, as well as the delinquency orders, this was appropriately determined as proper and necessary.
From the records as a whole, we observe the minor, Sylvia, on two different occasions was ordered committed to the Florida School for Girls but each time the commitment was held in abeyance upon condition that the custody continue with the father. On the first occasion the father enrolled the daughter in school in Louisiana. She ran away, apparently at her mother’s instigation. The second commitment order was stayed conditioned upon one more opportunity for the girl to become rehabilitated at home.
In appeal No. 69-246, appellant questions Judge Warren’s denial on April 11, 1969, of her petition for writ of habeas corpus on behalf of her daughter, Sylvia, which apparently sought revocation of all previous orders relating to Sylvia. The judge found that it did not appear that petitioner prima facie was entitled to the writ. He correctly points out that habeas corpus is not to be used in place of an appeal. Invocation of this writ is a matter not to be lightly considered, and we can find no error here in its denial.
Even though a petition for habeas corpus could have been filed challenging the order of commitment by the juvenile court, such challenge should have been made in the juvenile court, Suit v. Weber, Fla.App.1968, 210 So.2d 739.
Having reviewed the entire records in these three appeals we find no demon *20 stration of reversible error. Accordingly these causes are affirmed.
Affirmed.
OWEN, J., concurs.
CROSS, C. J., concurs in conclusion.